UNUNSEALED 4-16-04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

GJ 52

| | |
|---|---|
| UNITED STATES OF AMERICA § | United States District Court |
| § | Southern District of Texas |
| v. § | FILED |
| § Criminal No. | MAR 3 0 2004 |
| § M-04-290 | Michael N. Milby, Clerk |
| CANDIDO ARREOLA-ALBARRAN § | |
| Also known as "Ingeniero", "Engineer", § | |
| "El Tigre", "Cesar Torres-Avila", § | |
| "El Tio" § | |
| JESSE TREVINO § | |
| JOEL VEGA-GONZALEZ § | |
| ERINEO ARREOLA-MARTINEZ § | |
| Also known as "Neo" § | |
| ELISEO ARREOLA-ALBARRAN § | |
| Also known as "The Old Man" § | |
| MARCOS ANTONIO SOBERANIS- § | |
| MENDIOLA § | |
| Also known as "Marcos", "El Pelon", § | |
| "El Sobrino", "Muera" § | |
| ANA MARIA CASTILLO § | |
| JOSE SANTIAGO CASTILLO § | |
| Also known as "Paisa" § | |
| ANNABEL ANDRADE § | |
| JUAN ALBERTO HERNANDEZ- § | |
| CARMONA § | |
| Also known as "Patas" § | |
| NEREYDA GUERRA § | |
| OVIDIO OCHOA-GARZA § | |
| JORGE GARCIA, JR. § | |
| MARIA RIOS-GUAJARDO § | |
| JOSE ARSENIO PRIETO § | |
| CARLOS QUINTANILLA-GONZALEZ § | |
| Also known as "Quintana" § | |
| JUAN LUIS QUEZADA § | |
| JUAN ABEL SANCHEZ § | |
| ANA LISA ANDRADE § | |
| MIGUEL ANGEL HERNANDEZ (5-26-04) § | |
| ALEJANDRO SOLIS § | |
| Also known as "Alex" § | |

| | |
|---|---|
| EDITH RIVERA-MACEDO<br>Also known as "Eric"<br>MERCEDES CASTILLO-LOMELI<br>Also known as "Lomeli", "La Gorda"<br>FLORIBERTO RAUDA-WENCE<br>PEDRO SOTO<br>ALEJANDRO CASTRO-BELTRAN<br>Also known as "Jano"<br>YOLANDA TOVAR<br>Also known as "Yolanda Rios" | United States District Court<br>Southern District of Texas<br>FILED<br><br>MAR 3 0 2004<br><br>Michael N. Milby, Clerk<br><br>M-04-290 |

## SEALED INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

From on or about January, 2001, to on or about January, 2004, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CANDIDO ARREOLA-ALBARRAN,
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
JESSE TREVINO,
JOEL VEGA-GONZALEZ,
ERINEO ARREOLA-MARTINEZ,
Also known as "Neo",
ELISEO ARREOLA ALBARRAN,
Also known as "The Old Man",
MARCOS ANTONIO SOBERANIS MENDIOLA,
Also known as "Marcos", "El Pelon", "El Sobrino", "Muera",
ANA MARIA CASTILLO,
JOSE SANTIAGO CASTILLO,
Also known as "Paisa",
JUAN ALBERTO HERNANDEZ-CARMONA,
Also known as "Patas",
NEREYDA GUERRA,
OVIDIO OCHOA-GARZA,
JORGE GARCIA, JR.,
MARIA RIOS-GUAJARDO,
JOSE ARSENIO PRIETO,
CARLOS QUINTANILLA-GONZALEZ
Also known as "Quintana",
JUAN LUIS QUEZADA,

ANA LISA ANDRADE,
MIGUEL ANGEL HERNANDEZ,
ALEJANDRO SOLIS
Also known as "Alex",
EDITH RIVERA-MACEDO
Also known as "Eric",
MERCEDES CASTILLO-LOMELI,
Also known as "Lomeli", "La Gorda",
FLORIBERTO RAUDA-WENCE,
PEDRO SOTO,
ALEJANDRO CASTRO-BELTRAN,
Also known as "Jano", and
YOLANDA TOVAR,
Also known as "Yolanda Rios"

did knowingly and intentionally conspire with other persons known and unknown to the Grand Jurors to knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms of marijuana, a Schedule I controlled substance and more than 5 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

## COUNT TWO

From on or about January, 2001, to on or about January, 2004, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CANDIDO ARREOLA-ALBARRAN,
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
JOEL VEGA-GONZALEZ, and
OVIDIO OCHOA-GARZA,

did knowingly and intentionally conspire and agree together and with other person or persons known and unknown to the Grand Jurors, to knowingly and intentionally import into the United States of America from the United Mexican States a controlled substance. The controlled substance involved was more than 5 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 963, 952(a) and 960(b)(1)(B).

## COUNT THREE

## CONSPIRACY TO COMMIT MONEY LAUNDERING

Beginning on or about September 2001, and continuing until on or about January, 2004, in the Southern District of Texas, and elsewhere, the defendants,

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
**JESSE TREVINO,**
**JOEL VEGA-GONZALEZ,**
**MARCOS ANTONIO SOBERANIS MENDIOLA,**
Also known as "Marcos", "El Pelon", "El Sobrino", "Muera",
**ANA MARIA CASTILLO,**
**ANNABEL ANDRADE,**
**JUAN ALBERTO HERNANDEZ-CARMONA,**
Also known as "Patas",
**NEREYDA GUERRA,**
**CARLOS QUINTANILLA-GONZALEZ,**
Also known as "Quintana",
**JUAN ABEL SANCHEZ,**
**MERCEDES CASTILLO-LOMELI,**
Also known as "Lomeli", "La Gorda", and
**ALEJANDRO CASTRO-BELTRAN,**
Also known as "Jano"

did unlawfully, willfully and knowingly combine, conspire, confederate and agree together and with each other, and with others known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Section 1956 as follows:

(a) to conduct and attempt to conduct a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, (that is, distribution of controlled substances),

(1) with the intent to promote the carrying on of such specified unlawful activity and

(2) knowing that the transaction was designed in whole or in part to conceal and disguise

the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1);

## MANNER AND MEANS

It was the ways, manner, and means of this conspiracy that the defendants would receive transfer, transport, and deliver the proceeds earned from the distribution of narcotics in order to promote the further distribution of narcotics, and transport and transfer the proceeds in a manner designed in whole or in part to disguise the source, ownership, nature, location or control of the proceeds of a specified unlawful activity, wire transfer proceeds earned from the distribution of narcotics via Western Union in order to promote the further distribution of narcotics and to disguise the nature, source, location, ownership, and control of the proceeds of the distribution of narcotics.

## OVERT ACTS

In furtherance of this conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of Texas:

1. Counts One, Two, Four, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fifteen, Sixteen and Seventeen are hereby realleged and incorporated herein as if set forth verbatim.

2. On or about September 10, 2001, Ana Maria Castillo wire transferred $2,000.00 from Goldsboro, North Carolina to Candido Arreola Albarran in McAllen, Texas.

3. On or about December 15, 2001, Jesse Trevino and Joel Vega purchased a 2001 GMC pickup truck for Candido Arreola Albarran at Bradshaw Automotive, Greer, South Carolina.

4. On or about December 15, 2001, Jesse Trevino paid $9,000 in cash as a down payment on the GMC pickup truck.

5. On or about December 29, 2001, Jesse Trevino paid $10,062 the balance owed on the vehicle in cash.

6. On or about December 29, 2001, Jesse Trevino purchased the vehicle in his name and in Joel Vega Gonzalez' name.

7. On or about February 2, 2002, Juan Abel Sanchez drove the GMC pickup truck to the Roma, Texas Port of Entry, southbound lane, with $230,205 concealed in the rear fender area of the vehicle.

8. On or about February 17, 2002, Candido Arreola Albarran, paid a co-conspirator who has been indicted $2,000.00 to cover his expenses for driving a Chevrolet Malibu from South Carolina to McAllen, Texas to Miguel Aleman, Mexico to pick up a load of cocaine to bring into the United States at the Hidalgo, Port of Entry.

9. In March, 2002, Candido Arreola Albarran paid a co-conspirator who has been indicted $10, 500.00 for allowing him to store 4,000 pounds of marijuana at his residence.

10. On March 18, 2002, Erineo Arreola-Martinez paid Lopez Brothers Construction Company $9,000. in U.S. currency towards the purchase of the residence located at 1803 Azalea Street, Mission, Texas.

11. On March 18, 2002, Erineo Arreola-Martinez paid Lopez Brothers Construction Company $1,710.00 in U.S. currency towards the purchase of the residence located at 1803 Azalea Street, Mission, Texas.

12. On March 22, 2002, Erineo Arreola-Martinez paid Lopez Brothers Construction Company $9,500.00 in U.S. currency towards the purchase of the residence located at 1803

Azlea Street, Mission, Texas.

13. On or about June 6, 2002, the co-conspirator who has been indicted observed Candido Arreola Albarran and ALEJANDRO CASTRO-BELTRAN counting approximately $100,000.00 in currency at 1216 Harvey Street, McAllen, Texas.

14. On or about June 6, 2002, Candido Arreola Albarran gave the co-conspirator approximately $6,000.00 from the $100,000.00 he had been counting to purchase a vehicle to be used to transport drugs and drug proceeds.

15. In October of 2002, Nereyda Guerra was given a 1996 Plymouth van loaded with money by Marcos Soberanis-Mendiola and told by Candido Arreola Albarran to title the van in her name before driving the van to McAllen, Texas.

16. On or about October 25, 2002, Nereyda Guerra delivered the 1996 Plymouth van to a man sent to pick it up by Candido Arreola Albarran at the parking lot of the Motel Six in McAllen, Texas.

17. On January 10, 2003, Erineo Arreola-Martinez paid Lopez Brothers Construction $3,000.00 in U.S. currency towards the purchase of the residence located at 1702 Magnolia Street, Mission, Texas.

18. On or about February 17, 2003, Candido Arreola Albarran instructed Marcos Soberinas-Mendiola to change the name on a Western Union wire transfer from Jano Castro Beltran to CARLOS QUINTANILLA-GONZALEZ but to leave the same numeration.

19. On or about March 4, 2003, Candido Arreola Albarran sent Annabel Andrade to Raleigh Durham, North Carolina to pick up a Chevrolet Malibu registered to Mercedes Castillo that was loaded with $149,380.00 in currency from Marcos Soberinas- Mendiola.

20. On or about March 4, 2003, Annabel Andrade began driving the Chevrolet Malibu from North Carolina to McAllen, Texas.

21. On or about March 6, 2003, after Annabel Andrade was stopped by the Pharr Police Department in Pharr, Texas, Annabel Andrade contacted Candido Arreola Albarran to let him know that they were caught.

22. On or about March 6, 2003, Anna Maria Castillo called Candido Arreola Albarran to let him know that the police had contacted Mercedes Castillo about the seizure of $149,380.00.

23. On or about March 7, 2003, Mercedes Castillo at the direction of Candido Arreola Albarran prepared documentation to allow Annabel Andrade to reclaim the Chevrolet Malibu.

24. On or about April 17, 2003, Candido Arreola-Albarran told Juan Alberto Hernandez-Carmona that he was sending him some money in the name of Gregorio Castaneda that he could get out in whatever place in here in the state.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR

On or about July 16, 2001, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
**JESSE TREVINO,**
**ELISEO ARREOLA ALBARRAN,**
Also known as "The Old Man", and
**ALEJANDRO CASTRO-BELTRAN,**
Also known as "Jano"

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance

involved was more than 100 kilograms but less than 1,000 kilograms of marijuana, that is, approximately 223.16 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT FIVE

On or about February 2, 2002, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
**JESSE TREVINO, and**
**JOEL VEGA-GONZALEZ**

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, take receipt of monetary instruments in the amount of approximately $230,205.00 in United States currency, which were the proceeds of a specified unlawful activity, that is, the distribution of a controlled substance, an offense punishable under Title 21 of the laws of the United States, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, source, ownership, and control of the proceeds of said unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SIX

On or about February 17, 2002, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
**JOEL VEGA-GONZALEZ, and**
**OVIDIO OCHOA-GARZA**

did knowingly and intentionally import into the United States of America from the United Mexican States unknown to the Grand Jurors, a controlled substance. The controlled substance involved was more than 5 kilograms of cocaine, that is, approximately 11.8 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT SEVEN

On or about March 1, 2002, in the Southern District of Texas and within the jurisdiction of the Court, defendant

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", "El Tio"

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 100 but less than 1,000 kilograms of marijuana, that is, approximately 570 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT EIGHT

On or about April 25, 2002, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
**JUAN ALBERTO HERNANDEZ-CARMONA,**
Also known as "Patas",
**JUAN LUIS QUEZADA,**
**ANA LISA ANDRADE, and**
**ALEJANDRO CASTRO-BELTRAN,**
Also known as "Jano"

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms of cocaine, that is, approximately 23.58 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT NINE

On or about May 21, 2002, in the Southern District of Texas and within the jurisdiction of the Court, defendant

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
**ERINEO ARREOLA-MARTINEZ,**
Also known as "The Old Man",
**JUAN ALBERTO HERNANDEZ-CARMONA,**
Also known as "Patas", and
**ALEJANDRO CASTRO-BELTRAN,**
Also known as "Jano"

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly and

intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms of cocaine, that is, approximately 10.61 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT TEN

On or about June 7, 2002, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
**ERINEO ARREOLA-MARTINEZ,**
Also known as "Neo",
**JUAN ALBERTO HERNANDEZ-CARMONA,**
Also known as "Patas",
**CARLOS QUINTANILLA-GONZALEZ,**
Also known as "Quintana", and
**ALEJANDRO CASTRO-BELTRAN,**
Also known as "Jano"

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms of cocaine, that is, approximately 19.95 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT ELEVEN

On or about August 7, 2002, in the Southern District of Texas and within the jurisdiction of the Court, defendants

CANDIDO ARREOLA-ALBARRAN,
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
ELISEO ARREOLA-ALBARRAN,
Also known as "The Old Man",
MIGUEL ANGEL HERNANDEZ,
ALEJANDRO SOLIS,
Also known as "Alex", and
EDITH RIVERA-MACEDO,
Also known as "Eric"

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms of cocaine, that is, approximately 21.33 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT TWELVE

On or about August 8, 2002, in the Southern District of Texas and within the jurisdiction of the Court, defendant

CANDIDO ARREOLA-ALBARRAN,
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio"

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms of cocaine, that is, approximately 22.22 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

On or about November 11, 2002, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
**MARCOS ANTONIO SOBERANIS-MENDIOLA,**
Also known as "Marcos", "El Pelon", "El Sobrino", "Muera",
**NEREYDA GUERRA, and**
**MERCEDES CASTILLO-LOMELI,**
Also known as "Lomeli", "La Gorda"

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms of cocaine, that is, approximately 13.15 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

On or about March 6, 2003, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
**MARCOS ANTONIO SOBERANIS MENDIOLA,**
Also known as "Marcos", "El Pelon", "El Sobrino", "Muera",
**ANNABEL ANDRADE,**
**JUAN ALBERTO HERNANDEZ-CARMONA,**
Also known as "Patas",
**MERCEDES CASTILLO-LOMELI,**
Also known as "Lomeli", "La Gorda", and
**ALEJANDRO CASTRO-BELTRAN,**
Also known as "Jano"

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, take receipt of monetary instruments in the amount of approximately $149,380.00 in United States currency, which were the proceeds of a specified unlawful activity, that is, the distribution of a controlled substance, an offense punishable under Title 21 of the laws of the United States, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, source, ownership, and control of the proceeds of said unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIFTEEN

On or about April 2, 2003, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio", and
**JOSE SANTIAGO CASTILLO,**
Also known as "Paisa"

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 100 kilograms but less than 1,000 kilograms of marijuana, that is, approximately 110.22 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT SIXTEEN

On or about September 5, 2003, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
**JORGE GARCIA, JR., and**
**MARIA RIOS-GUAJARDO**

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms of cocaine, that is, approximately 9.52 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT SEVENTEEN

On or about October 14, 2003, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants

**CANDIDO ARREOLA-ALBARRAN,**
Also known as "Ingeniero", "Engineer", "El Tigre",
"Cesar Torres-Avila", and "El Tio",
**MARIA RIOS-GUAJARDO, and**
**YOLANDA TOVAR,**
Also known as "Yolanda Rios"

aided and abetted by other persons known and unknown to the Grand Jurors, did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms of cocaine, that is, approximately 9 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE

As a result of the foregoing violations of Title 21, United States Code, Sections 846 and 841(a)(1) defendants

**CANDIDO ARREOLA -ALBARRAN**
Also known as "Ingeniero","Engineer",
"El Tigre", "Cesar Torres -Avila"
"El Tio" and
**ERINEO ARREOLA-MARTINEZ**
Also known as "NEO"

shall forfeit to the United States all of their interest in all property constituting or derived from proceeds obtained directly or indirectly from the said violations, as well as all of their interest in all property used or intended to be used in any manner to commit or to facilitate the commission of the said violations, pursuant to Title 21, United States Code, Section 853(a), including but not limited to the following properties:

### United States Currency

$7,200,000

### Real Property

A.

The residence and real property located at 1216 Harvey, McAllen, Texas, being further described as all of Lot 5, Block5, West Highland Addition, an Addition to the City of McAllen, Hidalgo County, Texas, according to the map recorded in Volume 11, Page 43 Map Records in the Office of the County Clerk of Hidalgo County, Texas.

B.

The residence and real property located at 1803 Azalea, Mission, Texas, being further described as Lot 41, Colinas Del Rio Subdivision Phase II, an Addition to the City of Mission, Hidalgo County, Texas, according to the map recorded in Volume 32, Page 13, Map Records, Hidalgo County, Texas.

C.

The residence and real property located at 1702 Magnolia, Mission, Texas, being further described as Lot 21, Colinas Del Rio Subdivision Phase III.

If any property forfeitable by Title 21, United States Code, Section 853(a) as a result of any act or omission of any defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to a third person or entity:

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title21, United States Code, Section 853(p) to seek forfeiture of any and all other property of said Defendants, including any property charged above and determined not to be subject to forfeiture by Title 21, United States Code, Section 853(a), as substitute assets for those properties whose forfeiture is impeded for reasons (1),(2),(3),(4), or (5) described above.

As a result of each of the forgoing violations of Title 18, Section 1956 of the United States Code, defendants

**CANDIDO ARREOLA -ALBARRAN**

Also known as "Ingeniero","Engineer",
"El Tigre", "Cesar Torres -Avila"
"El Tio" and
ERINEO ARREOLA-MARTINEZ
Also know as "NEO"

shall forfeit to the United States all of their interest in all property involved in or traceable to said violations pursuant to Title 18, United States Code, Section 982(a)(1) including but not limited to the following properties:

### United States Currency

$7,200,000

### Real Property

A.

The residence and real property located at 1216 Harvey, McAllen, Texas, being further described as all of Lot 5, Block 5, West Highland Addition, an Addition to the City of McAllen, Hidalgo County, Texas, according to the map recorded in Volume 11, Page 43 Map Records in the Office of the County Clerk of Hidalgo County, Texas.

B.

The residence and real property located at 1803 Azalea, Mission, Texas, being further described as Lot 41, Colinas Del Rio Subdivision Phase II, an Addition to the City of Mission, Hidalgo County, Texas, according to the map recorded in Volume 32, Page 13, Map Records, Hidalgo County, Texas.

C.

The residence and real property located at 1702 Magnolia, Mission, Texas, being further described as Lot 21, Colinas Del Rio Subdivision Phase III.

If any property forfeitable by Title 18, United States Code, Section 982(a)(1) as a result of any act or omission of any defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to a third person or entity:

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title18, United States Code, Section 982(b)(1) to seek forfeiture of any and all other property of said Defendants, including any property charged above and determined not to be subject to forfeiture by Title 18, United States Code, Section 982(a)(1) as substitute assets for those properties whose forfeiture is impeded for reasons (1),(2),(3),(4), or (5) described above.

A TRUE BILL

_____
FOREPERSON

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY